951 F.2d 1261
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Barbara J. WALKER, Plaintiff-Appellant,
v.
UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT;
Robert "Roy" Gardner; Kim Worley; Ralph L. Jones, Jr. &
Company; Rhonda Starks, each and all in their official
capacities, Defendants-Appellees.
 No. 91-5074.
 United States Court of Appeals, Tenth Circuit.
 Jan. 2, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 3
 Ms. Walker appeals the decision of the district court which ordered the enforcement of a written settlement agreement.
 
 
 4
 Ms. Walker rented an apartment in the Morning Star Apartments. The United States Department of Housing and Urban Development (HUD) eventually acquired ownership and began a renovation program. The program envisioned renovating a vacant apartment and, when complete, moving a present tenant into the newly renovated apartment and then renovating the recently vacated apartment.
 
 
 5
 When it came time to renovate Ms. Walker's apartment, she wanted no part of it. HUD, after attempting persuasion, ultimately commenced a forcible entry and detainer action in state court. Immediately prior to trial, an in-court written settlement agreement was reached whereby HUD would pay all moving expenses and move Ms. Walker back into her vacated apartment when renovation was complete. Ms. Walker had the advice of her counsel and of her other advisors in making this settlement agreement. This settlement agreement was executed on March 15, 1991. Things blew apart when Ms. Walker refused to abide by the agreement.
 
 
 6
 Prior to the settlement agreement being executed, Ms. Walker, without her attorney's knowledge and without informing anyone else involved in the state court proceeding, filed a pro se action in the United States District Court. This complaint was filed February 28, 1991, approximately two weeks prior to the execution of the settlement agreement. In this action, Ms. Walker complained of ex parte communications between the state court judge and opposing counsel; asked for sanctions to be imposed upon opposing counsel for representing themselves to be HUD attorneys; asked for $1.25 million for violation of various constitutional rights; and asked for an injunction halting the state court proceedings. The matter was referred to a Magistrate Judge who ultimately recommended the district court enforce the written settlement agreement. The district court agreed and so ordered.
 
 
 7
 Ms. Walker appeals this decision pro se. In her varied filings with this court, Ms. Walker asks for class certification, requests we take judicial notice of facts never raised in the trial court and requests reversal of the district court's judgment. Ms. Walker repeats her many complaints, which we summarize by stating Ms. Walker strongly believes her tenant rights have been violated up one side and down the other. What Ms. Walker fails to tell us is why the district court's order is erroneous. Stated somewhat differently, Ms. Walker fails to tell us why she should not be bound by her written in-court settlement agreement.
 
 
 8
 In her appeal to this court, Ms. Walker has set forth fourteen issues beginning with: "Does an implied cause of action exist...." and ending with: "Due to the court's summary judgment, did the court abuse its chary in overlooking the issues set forth in this appeal...." Not one of these issues addresses the correctness or incorrectness of the district court's order concerning the settlement agreement. We cannot set aside or reverse the order of a United States District Court without knowing it to be erroneous. Neither can we reverse a district court where there exists no showing in the record on appeal that any of these issues were raised in district court. We cannot decide an issue unless it was raised in the trial court.
 
 
 9
 This case illustrates the hazards of self-representation. One does not win a victory in court simply by stating defendant's actions are "capricious, wanton, willful and malfeasant" and accusing defendant of "corruption" and acting with bad motives. The district court determined Ms. Walker was bound by her agreement. Ms. Walker fails to persuade us this decision was erroneous.
 
 
 10
 The judgment of the district court is AFFIRMED. Ms. Walker's request for class certification and judicial notice are denied.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3